Good morning, and may it please the Court. My name is Heidi Larson Howell, and I represent the plaintiff and appellant Fauzia Din. We are here this morning because the District Court erred in granting the government's motion to dismiss for three reasons. First, by holding that the government had provided a facially legitimate reason for denying Ms. Din's visa petition on behalf of her husband. Second, by holding that the government provided a bona fide reason for denying the visa petition. And third, by holding that Ms. Din does not have standing to challenge the notice of denial provisions set forth at 8 U.S.C. 1182.B.3. Therefore, today I would like to discuss four points. First, the government's citation to 8 U.S.C. 1182.A.3.B. is not a facially legitimate reason for denying the visa petition. Second, citation to the same statute is not a bona fide reason for denying the visa. Third, Ms. Din does have standing to challenge the notice of denial provisions in Section 1182.B.3. And finally, the District Court below correctly held that the doctrine of counselor non-reviewability is not applicable here. However, the government continues to argue that the doctrine applies, so I will also discuss the doctrine. First, the District Court erred in holding that the government provided a facially legitimate reason for denying Ms. Din's visa petition. While subtle precedent from the Supreme Court and this circuit holds that where the denial of a visa petition implicates a the constitutional rights of a U.S. citizen, like Ms. Din, the government must provide a reason that is both facially legitimate and bona fide. Here, the government cited to Section 1182.A.3.B. as both the facially legitimate and bona fide reasons, and that is not sufficient. Well, how specific of statutory citation would be facially legitimate? I mean, would it – would one of the subparts have sufficed, in your view? Yes, Your Honor. One of the subparts of Section 1182.A.3.B. would have been sufficient. As this Court held in Bustamante, the government needs to point to a statute that is a specific provision for inadmissibility. So in that – Well, why isn't subsection 3 a specific statute for inadmissibility? Your Honor, the – Section 1182.A.3.B. has a panoply of subparts, many of which provide the – Aren't they all facially – I mean, this challenge puzzles me a little bit. Facially legitimate suggests we don't dig very far. It's facial, and legitimate derives from being based in the law. This is plainly a statute. So it strikes me on its face it's based on the statute. It passes the facially legitimate test. You may have something with regard to bona fide, but what's not facially legitimate about citing to the statute? Well, Your Honor, simply by reading the statute, Ms. Dinn cannot ascertain why the government denied the visa petition. What authority says that facially legitimate means a party must be able to discern the specific subprovision? Well, in Bustamante, this Court held that the petitioner was able to ascertain the reason for the denial by looking at the statute. That's not the question I asked. It's true that in Bustamante the government had specified more, but I didn't see anything in Bustamante or in anything that requires the government to specify more than the subsection of the statute. That is itself facially lawful. Your Honor, our contention is that since some of the subparts of Section 1182a3b provide the foreign national the opportunity to present evidence to rebut the government's finding that that subsection applies to them, to be facially legitimate, the government has to point to some subsection so that if those. So what in the term facially legitimate suggests that? It seems to me the term kind of screams out superficial. It's facial. That's it. And legitimate is based in law. A statute plainly is. So I'd say that particular argument doesn't have a lot of traction, at least with me. The bona fide is where we really have something to chew on. So maybe that's what you want to focus on. Absolutely, Your Honor. In addition to our contention that it's not facially legitimate, we also hold that, we also contend that the district court erred in holding that citation as if the statute was bona fide. As this Court pointed out in Bustamante, in order to analyze the bona fide prong, the plaintiff must only allege bad faith on the part of the counselor, on the part of the counselor officer. Other courts that have analyzed the bona fide standard have said that the government must demonstrate based on actual evidence that the statute applies to the foreign national in question. In Bustamante, for example, the record contained evidence that the counselor officer had knowledge that... You're doing it again. Bustamante had a record where there was more specific information. Bustamante doesn't say the government's required to provide that. And that's the proposition you're really trying to put to us, that we should infer from Bustamante or from something an obligation on the government to give your client an opportunity to make a contest out of it. Well, that's not in Bustamante as I read it. Where does it come from? Well, Your Honor, other cases that have analyzed the bona fide standard have said that there must be some evidence, for example, Adams v. Baker out of the First Circuit, or Alon v. Schultz, also out of the First Circuit, have said that the government has to do something to show that the statute applies to the foreign national in question. In Bustamante, it said that the plaintiff only must allege bad faith on the part of the counselor officer. Here, Ms. Dinh did allege bad faith on the part of the counselor officer. And it's our contention that simply citing to a statute is not at all evidence that the statute actually applies to the foreign national. I'm saying it. I'm sorry. Go ahead. In this case, the reason why it's not enough is because this statute has so many subparts, one can't figure out which subpart applies. Isn't that really what you're talking about? That's one issue, Your Honor. And also, the government has made no showing that the statute actually applies to Ms. Dinh's husband. The government has provided no evidence and done nothing other than simply cite to the statute. And that is not a bona fide reason that the Crawford statute actually applies to him. Well, I think those are mixing two different things. And, again, I don't want to force you to the next step of your argument. But you can have a bona fide reason without having an obligation to prove it up or disclose anything about it. I mean, there are lots of things the government does that we think are bona fide, but for national security or other reasons, they're not telling us the details. That's just how government works. And it seems to me that the fact that the government elects not to provide details does not itself provide much basis to conclude the reason wasn't bona fide or that the decision was made in bad faith. The problem identified here by the district court is that with the Iqbal standard and the requirement to try to provide a pleading that supports a bare allegation, your client doesn't have anything to work with in order to say that it's in bad faith because you can't disprove the cloud. But that doesn't itself demonstrate, in fact, that the reason was in bad faith or the reason was not bona fide. We're kind of unwinding this and getting back to what I think is the real core problem here. Is there an obligation on the government to disclose a reason or disclose the fact that the applicant in this case happens to be married to a U.S. citizen who is the sponsor for the petition, does that change things? Yes, Your Honor, it does. And since, as you pointed out, Ms. Dinn is a U.S. citizen, the government must provide a reason that's facially legitimate and bona fide. Here, the government does try to hide behind Section 1182b3, which provides that they don't have to provide the foreign national with any reason for the denial of a petition under 1182a. However, the government didn't invoke 1182b3 here. The government did provide a reason. We contend it's not facially legitimate and bona fide. But the government did provide a reason, and so 1182b3 is inapplicable here. Moreover, to the extent that the denial is implicating the constitutional rights of a U.S. citizen, the protections that the Supreme Court set forth in Justice DeMonte v. Mukasey would ring hollow if the government could simply hide behind Section 1182b3 and not provide any information at all. Well, if the reason was a subsection 2 or subsection 3 reason. If the reason were something other, then there wouldn't be anything, quote, to hide behind. In this case, what they're hiding behind is a statute. I mean, Congress said they don't have to give reasons when the reasons are under Category 2, criminal, or 3, terrorist. If it's under any other category, yes. But Congress specifically carved that out. Now, why do we disregard that? Well, Your Honor, because the Supreme Court has held that when the denial of a visa implicates the constitutional rights of a U.S. citizen, the U.S. citizen is entitled to a reason that is both bona fide. Well, where has the Supreme Court said that? Inclindus v. Mandel. Where has the Supreme Court said that? Inclindus v. Mandel. I mean, that may not have been Justice Blackmun's finest hour in terms of figuring out exactly what it says. So I understand what you're struggling with. I've struggled with that case myself. But I certainly don't recall seeing anything there that obligates the government to turn over information. Because, once again, what you had there was information that was sitting on the table. There was no secret as to why the application had been denied in that case. The man was identified as a, in the vernacular of the day, a commie. So we don't let his kind in. The government didn't try to invoke the statute that it is waiving here. I think one case that is somewhat analogous is the American Academy of Religion case, where the government also cited the terrorist activities statute. And in that case, the court of appeals held that 1182b3 wasn't on the table because the government did provide some reason. The government cited to the statute, and then later the government did provide some backup evidence. And so in that case, the court looked to both the facially legitimate and bona fide prongs because the government had provided some reason here. And the same is true here. The government didn't invoke section 1182b3. The government provided a reason. And as I mentioned earlier, we contend that that reason isn't facially legitimate and bona fide, but the government did provide a reason here. And so ---- What do you mean by provide a reason? By citation to the statute, Your Honor. Well, see, that's ñ I'm not sure that you can tell me they waived the statute by citing the statute. They pointed to subsection 3 unspecifically, not even giving you which sub part. Your Honor. But they sort of have to do that to qualify for ñ I'm going to get tangled up in the number, but the exception to the notice of denial part because that requires that the reason be a subsection 2 or subsection 3 reason. So in essence, you're telling me because they said it was subsection 3 and not subsection 2 or 3, that somehow they waived the protection of the statute. I'm not sure I see how that follows. Well, Your Honor, that's what the court held in American Academy of Religion case as well, is that the government had provided some reason there. They didn't invoke section 1182b3. It provided a reason. Under 1182b3, the government doesn't have to do anything. It can simply say not denied and we're not providing a reason because of 1182b3. Well, but not providing a reason means it must be subsection 2 or 3, because they are ñ the exception only applies to subsections 2 and 3. Right. And here, Your Honor, that's just not simply the case. The government did provide a reason, but now that we have a reason on the table, it's up to the court to conduct the judicial review that this court held applies in Bustamante, that it must determine whether or not it's facially legitimate and bona fide. How would the identification of a more specific statute or provision, I guess, help your client? Well, for example, Your Honor, if it was one of the provisions that allows the foreign national to rebut the government's finding that the statute applies, that would certainly help Ms. Dinn and her husband. There's many of the subsections in section 1182a3b allow the foreign national to present evidence that would rebut that finding. And so if Ms. Dinn's husband could present evidence, that would negate the finding that it's a facially legitimate and bona fide reason. If that was one of the subsections that would actually apply. Correct, Your Honor. Because there are other subsections that don't allow them to rebut. That's correct, Your Honor. You're saying the problem here is you don't know which section, so you don't have to know whether you can rebut or not rebut. That's exactly right, Your Honor. And I see that I have to. You're saying because of your client's American citizen wife, she's the one who has the reason to be able to come into court, standing, as it were. That's correct, Your Honor. As a U.S. citizen, she's presented a procedural due process claim. The government's actions are impinging on her constitutional interest in her marriage, and that gives her standing to charge. Because her husband would have nothing. That's correct, Your Honor. Her husband does not have standing to bring the claim. Okay. And I'll reserve my time. You may. Thank you, Your Honors. And we'll hear from the government. May it please the Court, Stacey Young for appellees. In this case concerning the longstanding doctrine of consular nonreviewability, Fawzia Dinn, the wife of an alien who was denied a visa by a consular officer, lacks the constitutional interest necessary for this Court to engage in any judicial review of the visa denial or of the applicable notice of denial provisions. Even if this Court decides to engage in a highly constrained review to determine whether the denial was facially legitimate and bona fide, it should find that it qualifies as both. First, because the consular officer based the denial on a valid statutory ground of inadmissibility, it is facially legitimate. And second, because. Could the person have cited to the entire INA and that would have been sufficient? I don't believe it would have been, Your Honor. What this Court in Bustamante held was that the denial needs to be promised on a statutory basis of inadmissibility. What Bustamante seems to have meant is that it needs to be based on something more specific than simply citing to the INA. And the provision that was cited to in Bustamante was very similar to the provision cited to in this case. In that case, it was 8 U.S.C. 1182a2, which concerns criminal activities. In this case, it was the provision right next door to that provision, which is 1182a3, which cites to terrorist activities. Both statutory provisions are similar in what they proscribe. And for that purpose, this case is virtually identical to Bustamante. And so you today are saying Bustamante is good law? With respect to the finding that if there is a constitutional interest, the government, this Court may examine the decision to determine whether it is facially legitimate and bona fide. But with respect to whether there was a constitutional interest in this case, the government asserts that Bustamante should not be regarded as good law. You're not asking us to overrule Bustamante, are you? What I'm asking you to do is look to earlier cases in which the Ninth Circuit found that an individual does not have a due process interest in living with her alien spouse. But Bustamante comes after those cases and says they do. That's correct, Your Honor. But with respect to that particular finding in Bustamante, it does conflict with the earlier precedent. And this Court has --- That's usually why it becomes a new precedent and the old stuff goes away. Well, actually, this Court in Obrey v. Johnson in 1985 addressed this particular issue, when there are different cases which conflict with each other. Well, that's where the Court's practice has evolved. And if we really found conflicting lines, we'd be compelled to call for an en banc review to figure out or to try to straighten out our case law. You're probably better off not trying to pursue us, the effort to persuade us to call for en banc review. I think Bustamante's there and we're likely to live with it. So speaking only for myself, you may want to focus your attention on some of the other arguments. Okay. Assuming for purposes of this case that there is a constitutional interest at stake, then what this Court needs to do is apply, according to Bustamante, a very highly constrained review. And in that review, this Court is permitted only to determine whether there was a facially legitimate and bona fide reason for the visa denial. In this case, there was both a facially legitimate and a bona fide reason. With respect to the facially legitimate reason, this Court in Bustamante was clear. If the consular officer based the denial on a statutory basis, that's all that's necessary to determine facial legitimacy. In this case, the consular officer did indeed point to a statutory basis for the denial. And that, again, is 8 U.S.C. 1182a3. What the consular officer determined was that the visa applicant had engaged in some way in terrorist activities. And the second part of that prong, the second prong in that analysis is whether the government's decision was bona fide. What the Court in Bustamante said was that if the plaintiff doesn't proffer any evidence, then the government's decision is bona fide. In this case, how could Dinh make a credible claim of bad faith given the lack of information she has from the government? Well, Dinh did know that the decision was based on the provision which prescribes terrorist activities. Based on that, you submit that's enough? Based on this Court's ruling in Bustamante, that is enough. It may be difficult. Bustamante seems like it was an even narrower statute. I mean, it was less of an umbrella statute, and they said it wasn't enough. The statute in Bustamante really wasn't less of an umbrella statute. I know that Dinh characterizes the terrorist statute as an umbrella statute, but it is a specific ---- Pages and pages. There's ten subparts here. It does have numerous subparts, but the statute does prescribe terrorist activities. Like the statute at issue in Bustamante, it includes those who actually committed terrorism or those who are a member of a terrorist organization, those who provided aid or abetted terrorists. Also in Bustamante, that statute included those who trafficked in drugs or helped those who trafficked in drugs, abetted those who trafficked in drugs, or even related to somebody who trafficked in drugs. It was also a multi-part, somewhat complex statute. This Court in Bustamante found that that statute, which is largely similar to the statute at issue here, was proper. Well, I'm not sure about that, but how could, and if you can answer my question, how could Ms. Dinh make a credible claim of bad faith given the lack of information she has from the government? What could she possibly say? Well, Ms. Dinh is certainly familiar with the fact that her husband was a member, worked for the Afghan government for five years during which the Taliban was ruling that government. It may not be especially easy for her to cite to a specific example of why there may have been bad faith. You've already given more of a reason than she got. Well, she actually offered, she included that fact in her complaint, so she's well aware of the fact that her husband did work for the Taliban government for five years. But that wasn't the reason that was cited. That was not the reason that was cited. He worked for the Taliban government, end of story. That was more of a reason than they cited, isn't it? In this case, the consular officer only cited to the statute, but under 1182B3, a consular officer needs to provide nothing more. In fact, it doesn't even need to include a citation to the statute. The consular officer included more than 1182B3 requires. And the reason you're focusing on B3 instead of B2. Well, B3 is the denial of notice provision, and the denial of notice provision allows for a consular officer to not disclose any reason for a visa denial. So in this particular case, the consular officer actually exceeded what was required of him under 1182B3. And plaintiff argues as a result has waived the protection of the statute and is required to tell more. There's no statutory or legal support for that position, Your Honor. At core of the problem here is that with the lack of any more information, there can be no review of the bona fide or nature of the decision. And it is true that in Bustamante and in other cases, take Bustamante, our court's case, there was discussion of the information that was available to the consular officer. The court said the fact the consular officer conferred with another government official, I think it was DEA, was itself demonstration that the activity or decision of the consular officer was in good faith. That information was presumably available through some other means. There is no comparable information available here in this case, and the problem becomes is the fact that there is a constitutional right assigned to the plaintiff in this case to pursue at least something. Does that lead to a requirement that the government disclose more information than it is disclosed here? Your answer is likely going to be no. Why not? Well, in this case, like in Bustamante, the plaintiff didn't offer any example or proffer any allegation of bad faith. And in that case, like in the other cases, How can that be done based on the information that they've gotten? Well, it may not be easy. Is it impossible? It's not impossible. Why isn't it impossible? Well, certainly in this case, Ms. Dinh, the wife of the alien who was seeking the visa, is aware of, certainly could have spoken to her husband about the interview. Do you know if she did? I don't know if she did. And so it's incumbent upon her to go speak to her husband and find out that information and then come to you and say, is it this? Is that the way it's supposed to work? I'm trying to understand that. Certainly finding bad faith in a consular decision, it isn't necessarily easy, and no court has ever said that it is necessarily easy. And I can appreciate that, but it seems almost impossible, but for impossible here, based on what the information that was given. But I'm happy to hear why it's not. Well, Ms. Dinh's husband did have an interview with the consular officer. If something happened during that interview, if there was any kind of other evidence, she could get her hands on to demonstrate that there was bad faith. I can't, off the top of my head, imagine a hypothetical in which there may have been in this case or any other case, for that matter. But simply because the burden on the challenger would be difficult doesn't mean that it's not still the challenger's burden. In this case, this court in Bustamante was clear that unless there is an affirmative showing of bad faith, the facially legitimate reason based on a statutory basis will stand. According to the plaintiff's brief in this case, the interview went well and they were given the impression they were going to get the visa forthwith. Well, then based on that allegation, it sounds like there probably was not bad faith and then it would be impossible for Ms. Dinh to affirmatively allege that there was. So she couldn't allege bad faith? Well, it sounds like based on what she's saying, there was not bad faith. Could she allege that there was bad faith? I'm sure there's some set of circumstances under which she could. Well, how about in this circumstance? Give me your best shot. I suppose if there was a First Circuit case in which there was an affidavit, I believe it was Allende, in which there was an affidavit attached to the consular officer's denial specifically stating that the denial was based on an impermissible ground that violated the First Amendment. Pardon me, I don't remember the specific details of Allende. But there was in the visa, the consular denial, there was an affidavit attached which did demonstrate that there was an improper ground for the denial. In this case, no such affidavit, no such indication exists that suggests that there was any bad faith involved in this decision. And the government did, the consular officer did everything that the consular officer was required to do in this case, which was offer a statutory ground. And in fact, again, the consular officer did not even need to provide that ground under 1182b3. But because of the constitutional interest at stake under Bustamante, that ground does exist and the consular officer did proffer it. How do you distinguish this case from the Second Circuit's decision, American Academy? I believe it's consistent with American Academy, Your Honor. In American Academy, you had enough information available so the court could, based on, could remand because of the possibility that the consular, that the denial was based on one of the subparts which gives the applicant an opportunity to respond and it wasn't clear from the record if the consular officer had confronted the applicant with the information. I think it had to do with contributions to Hamas. But whatever it was that, whether the applicant had an opportunity provided by the statute to respond. So at least at that point, the court appears to be digging into whether it's one of the provisions where the applicant is supposed to have an opportunity to respond and tried to make sure that that opportunity was afforded. We don't even know that much. Does that suggest that we should at least dig to the level to find out whether the statute had been complied with if it was one of the subprovisions that gives the applicant an opportunity to respond? No, Your Honor. Under the Facially Legitimate and Bonafide Standard, which the court in American Academy of Religion actually discussed in more protective terms than this Court did in Bustamante, in fact, and stated that if there is a statutory basis given by the consular officer, then the court in no way may look behind the consular officer's decision and undertake a factual inquiry. So in that case, actually, the Second Circuit did not partake in any factual inquiry. And similar to that case, this Court here should make only the most superficial review of this consular officer's denial and look only to whether there was a statutory basis, and there absolutely was, and that basis was an 1182-A3. But I understand you said superficial review, but doesn't it have to be a meaningful review, a judicial review? And I'm just not sure how there can be any meaningful judicial review of such a broad statutory citation. Well, Your Honor, the government does need to preserve the ability to keep certain reasons for denying visa applicants secret. That is the policy behind 1182-B3. Congress knew that consular officers needed to have a certain degree of secrecy when they were dealing with such sensitive issues as criminal matters and terrorist activities. In this case, by citing to the terrorist statute, the consular officer did more than he was even required to do under 1182-B3. To require him to do the consular non-reviewability doctrine, is that what you're citing to? No, Your Honor. I'm citing to the statutory provision 1182-B3, which states that consular officers are not required to disclose any reasons for denial when the issue at hand is terrorist activities. But the doctrine of consular non-reviewability does inform this general premise that consular officers are entitled to secrecy when they are making determinations about the admissibility of aliens, and especially in this case when the issue concerns terrorist activities. The government must maintain secrecy when it's making these decisions, and courts throughout the country have agreed with that premise. In that same statute the government cites, though, it tells you in certain instances you can try and rebut what we say. Same statute. That's correct, Your Honor. Yet, to engage in a factual inquiry into issues concerning terrorist activities would open the government to vulnerabilities that Congress has protected the government from having to do. That same Congress wrote the statute that you're talking about that gives a chance for some things to be rebutted. Only before a consular officer, Your Honor, that Congress did not require consular officers to disclose sensitive information about terrorist findings. Certainly a consular officer may be required to do certain things during an interview with a visa applicant, but Congress never stated that there is any type of review for consular decisions. And to open up consular decisions to any type of judicial review beyond a finding of facial legitimacy and bona fide is simply more than Congress ever imagined and would ever have permitted based on what we can find in the INA. Thank you. Thank you, Your Honors. Rebuttal. Your Honors, I would just like to address one issue that my opposing counsel mentioned. She said that the government has an obligation to keep information top secret when it's dealing with sensitive subject matter. However, that's not even been alleged in this case here. The government has provided no evidence that there's some top secret information that is entitled to protection. All the government has done is cite a statute which is simply not evidence. If there was some top secret ---- The statute which permits them not to give reasons. So ---- Under ---- I mean, chicken or egg, I don't know that they're required to do more than that or the statute says they don't have to do more than that. And, Your Honor, I think there's a balancing here that the statute says that they don't have to provide information to the foreign national, but the courts have said that a U.S. citizen is entitled to a judicial review when the denial implicates their constitutional rights. And if, for example, there was some sensitive top secret information, the court can put protections in place when it reviews that information. Well, your client as the U.S. citizen can get into court, but does your client substantively have access to more information or have greater rights than the applicant himself? And if so, what's the basis of it? Your Honor, yes, we contend that the judicial review that the Supreme Court and this Court in Bustamante said applies, permits the court to look into the reasons for the denial and for the government to provide some evidence that the statute they cite actually applies to the foreign national. The piece of this case that seems to me different from the precedents and poses a new question is the some evidence part. Because all the cases I've looked at, there was apparently information put on the table or available in some other way. There's nothing that speaks that I've seen to the obligation or imposes an obligation on the government to provide information. And that's the part that I'm having difficulty with on both sides. I understand that you can't have a review unless there's some information. On the other hand, I also understand there's not a judicial remedy for every problem. And I don't see anything that compels the government to turn over more information than it has turned over to date. I'm taking over time myself. So you don't get to sit down by saying you're out of time. I really want to hear from you as to what it is that obligates the government to provide information in the face of a statute that explicitly says it doesn't have to give a reason. Your Honor, I think there's two points there. First, the government didn't invoke 1182b3. The government did cite the statute. So there's some evidence there that the government believes, that the statute applies to this foreign national. So 1182b3 wasn't invoked at the visa denial phase, and therefore, it's just simply not at issue here. The government did cite the statute. And so that puts some information on the table for the court to review. And when the court does its review, the court must determine whether that citation was facially legitimate and bona fide, meaning that it actually applies to Ms. Dinh's husband. And the government has provided no evidence that it actually does. The government, you say, has put some information on the table. But that doesn't give your client enough to work with. And that's what the district court said. You don't have enough to make an Iqbal-sufficient pleading. So what obligates the government to say more? Your Honor, I think that it just can't simply be the case that the government can, at any time, cite to this statute and exclude anybody. I understand that in the case here, there's heightened concern over terrorism with Afghanistan. But one can imagine the government citing the statute for any applicant and simply wiping their hands clean and hiding behind Section 1182b3 when the visa denial implicates the right of a U.S. citizen. That simply can't be the case. Thank you very much, Your Honors. Thank both counsel for your helpful arguments. The case just argued is submitted.
judges: Collins, Clifton, Murguia